# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: <ins>1:25−mj−00040−JAM−1</ins>

Case title: USA v. Huang                              Date Filed: 02/07/2025

Assigned to: Magistrate Judge
Joseph A. Marutollo

**Defendant (1)**

**Kaiyu Huang**                    represented by    **Michael Daniel Weil**
                                                     Federal Defenders of New York
                                                     NY
                                                     One Pierrepont Plaza
                                                     16th Floor
                                                     Brooklyn, Ste 16th Floor
                                                     Brooklyn, NY 11201
                                                     718−407−7413
                                                     Email: michael_weil@fd.org
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Public Defender or Community*
                                                     *Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| 21:841B=CD.F, 21:846=CD.F | |

**Plaintiff**

**USA**                              represented by

**Vincent Martin Chiappini**
Department of Justice
US Attorney's Office (EDNY)
271−A Cadman Plaza East
Brooklyn, NY 11201
718−254−6299
Email: Vincent.Chiappini@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/2025 | 1 | RULE 40 AFFIDAVIT by USA as to Kaiyu Huang by Affiant RULE 5 AFFIDAVIT/REMOVAL to the EASTERN DISTRICT of WISCONSIN. (DW) (Entered: 02/10/2025) |
| 02/07/2025 | | Arrest (Rule 40) of Kaiyu Huang (DW) (Entered: 02/10/2025) |
| 02/07/2025 | | Minute Entry for proceedings held before Magistrate Judge Joseph A. Marutollo:Arraignment as to Kaiyu Huang (1) Count Complaint held on 2/7/2025, Attorney Appointment Hearing as to Kaiyu Huang held on 2/7/2025, Initial Appearance in Rule 5(c)(3) Proceedings as to Kaiyu Huang held on 2/7/2025 (FTR Log #4:51−5:07 2/7/2025.) (DW) (Entered: 02/10/2025) |
| 02/07/2025 | 2 | TEMPORARY COMMITMENT Issued as to Kaiyu Huang. (DW) (Entered: 02/10/2025) |
| 02/07/2025 | 3 | ORDER: This order is entered pursuant to Federal Rule of Criminal Procedure 5(f) to confirm the prosecution's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations as to Kaiyu Huang. Ordered by Magistrate Judge Joseph A. Marutollo on 2/07/2025. (DW) (Entered: 02/10/2025) |
| 02/12/2025 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo:Bond Hearing as to Kaiyu Huang held on 2/12/2025. AUSA Vincent Chiappini present. Dft present w/federal defender Michael Weil. Mandarin interpreter Way Moy present & previously sworn. Dfse counsel stated that he needs more time to prepare a bail application and discuss an identity hearing with his client. Bail hearing set for 2/18/25 @ 2:00 pm. Temporary order of detention entered. (FTR Log # 2/12/25 11:26−11:32.) (Entered: 02/12/2025) |
| 02/12/2025 | 4 | TEMPORARY COMMITMENT Issued as to Kaiyu Huang (FC) (Entered: 02/12/2025) |
| 02/21/2025 | | Minute Entry for proceedings held before Magistrate Judge Vera M. Scanlon:Bond Hearing as to Kaiyu Huang held on 2/21/2025, Detention Hearing as to Kaiyu Huang held on 2/21/2025. AUSA Vincent Chiappini present. Dft present w/federal defender Michael Weil. Mandarin interpreter Tuo Huang present & previously sworn. Dft waived identity hearing. Dfse counsel does not have a bail application to present. Commitment to another district order entered. (FTR Log # 2/21/25 11:23−11:31.) (FC) (Entered: 02/24/2025) |
| 02/21/2025 | 6 | COMMITMENT TO ANOTHER DISTRICT as to Kaiyu Huang. Defendant committed to the Eastern District of Wisconsin. Ordered by Magistrate Judge Vera M. Scanlon on 2/21/2025. (FC) (Entered: 02/24/2025) |

| 02/21/2025 | 7 | WAIVER of Rule 5(c)(3) Hearing by Kaiyu Huang (FC) (Entered: 02/24/2025) |

NEM:VC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KAIYU HUANG,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

REMOVAL TO THE EASTERN DISTRICT OF WISCONSIN

(Fed. R. Crim. P. 5)

Case No. 25-MJ-40

EASTERN DISTRICT OF NEW YORK, SS:

   HART SIRVENT, being duly sworn, deposes and states that he is a Deputy Marshal with the United States Marshals Service ("USMS"), duly appointed according to law and acting as such.

   On or about January 23, 2025, the United States District Court for the Eastern District of Wisconsin issued a warrant for the arrest of the defendant KAIYU HUANG for violating Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), (b)(1)(E) and 846 (conspiracy to possess with intent to distribute and distribute MDMA and ketamine).

   The source of your deponent's information and the grounds for his belief are as follows:[1]

   1.  On or about January 22, 2025, a grand jury siting in the Eastern District of Wisconsin charged by indictment (the "Indictment") the defendant KAIYU HUANG with violating Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), (b)(1)(E) and 846 (conspiracy to possess

---

[1]  Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

with intent to distribute and distribution of MDMA and ketamine).  A true and correct copy of the Indictment is attached as Exhibit A.

2.    In connection with the Indictment, on or about January 23, 2025, the United States District Court for the Eastern District of Wisconsin issued a warrant (the "Warrant") for the arrest of the defendant KAIYU HUANG .  A true and correct copy of the Warrant is attached as Exhibit B.

3.    On or about February 7, 2025, KAIYU HUANG was arrested by the USMS pursuant to the Warrant outside of the Queens Criminal Courthouse in Queens, New York.

4.    Following his arrest on or about February 7, 2025, the defendant KAIYU HUANG acknowledged to Deputy Marshals his full name, date of birth and the last four digits of his social security number, which matched the full name, date of birth and the last four digits of the social security number of the KAIYU HUANG wanted in the Eastern District of Wisconsin.  Deputy Marshals also compared the physical appearance of the defendant KAIYU HUANG to known photographs of the person wanted in the Eastern District of Wisconsin and observed that the defendant KAIYU HUANG appeared to be the same person.  Deputy marshals also compared the fingerprints of the defendant KAIYU HUANG to those of the person wanted in the Eastern District of Wisconsin and confirmed they are the same.

5.    Based on the foregoing, I submit that there is probable cause to believe that the defendant is the KAIYU HUANG wanted in the Eastern District of Wisconsin.

WHEREFORE, your deponent respectfully requests that the defendant KAIYU HUANG be removed to the Eastern District of Wisconsin so that he may be dealt with according to law.

_____

Hart Sirvent
Deputy Marshal
United States Marshals Serviceand Explosives

Sworn to before me this 7th day of February, 2025

_____
THE HONORABLE JOSEPH A. MARUTOLLO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

25 - CR - 08

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

UNITED STATES OF AMERICA,

Plaintiff,

v.

LI XING, a.k.a. "MR. LI,"
KAIYU HUANG, a.k.a. "SKINNY BOY,"
SHAWN M. SENTER, a.k.a. "SHAGGY,"
JASON A. WNUK,
KEVIN M. EISENHAUER,

SKYLAR V. TRUMBO,
JOHN W. PERRY, and

Defendants.

2025 JAN 22 P 1: 46

CLERK OF COURT

Case No. 25-CR-

[18 U.S.C §§ 2(a), 922(o), 922(g)(1),
924(a)(2), 924(a)(8), & 924(c);
21 U.S.C. §§ 841(a)(1),
841(b)(1)(A), 841(b)(1)(C),
841(b)(1)(E), & 846]

**SEALED**

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

Beginning in at least January 2021 and continuing until in or about April 2022, in the State

and Eastern District of Wisconsin and elsewhere,

**LI XING, a.k.a. "MR. LI,"**
**KAIYU HUANG, a.k.a. "SKINNY BOY,"**
**SHAWN M. SENTER, a.k.a. "SHAGGY,"**
**JASON A. WNUK,**
**KEVIN M. EISENHAUER,**

**SKYLAR V. TRUMBO,**
**JOHN W. PERRY, and**

knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a mixture and substance containing 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, and a mixture and substance containing ketamine, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(C), and 841(b)(1)(E), and Title 18, United States Code, Section 2(a).

2

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 12, 2022, in the State and Eastern District of Wisconsin,

### JASON A. WNUK

knowingly distributed a mixture and substance containing ketamine, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     On or about February 21, 2022, in the State and Eastern District of Wisconsin,

**JASON A. WNUK**

knowingly and intentionally possessed with intent to distribute controlled substances.

2.     The offense involved 10 grams or more of a mixture and substance containing lysergic acid diethylamide (LSD), a Schedule I controlled substance; and a mixture and substance containing ketamine, a Schedule III controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(E).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 21, 2022, in the State and Eastern District of Wisconsin,

### JASON A. WNUK

knowingly possessed a firearm in furtherance of the drug trafficking offenses charged in Counts One and Three of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2(a).

5

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 21, 2022, in the State and Eastern District of Wisconsin,

### JASON A. WNUK

knowingly possessed a machinegun, that is, a Glock 17M 9mm, bearing serial number BENS974,

with a machinegun-conversion device attached.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

6

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 10, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**SHAWN M. SENTER, a.k.a. "SHAGGY,"**

knowingly and intentionally possessed with intent to distribute a mixture and substance containing 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance; and a mixture and substance containing ketamine, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(E).

7

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 10, 2022, in the State and Eastern District of Wisconsin,

### SHAWN M. SENTER, a.k.a. "SHAGGY,"

knowingly and intentionally possessed with intent to distribute a mixture and substance containing

3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

8

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 10, 2022, in the State and Eastern District of Wisconsin,

**SHAWN M. SENTER, a.k.a. "SHAGGY,"**

knowingly possessed a firearm in furtherance of the drug trafficking offenses charged in Counts One and Seven of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2(a).

9

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 10, 2022, in the State and Eastern District of Wisconsin,

**SHAWN M. SENTER, a.k.a. "SHAGGY,"**

knowingly possessed a machinegun, that is, a Glock 17C 9mm, bearing serial number EDL252,

with a machinegun-conversion device attached.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      On or about March 10, 2022, in the State and Eastern District of Wisconsin,

**SHAWN M. SENTER, a.k.a. "SHAGGY,"**

knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm which, prior to his possession of it, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2.      The firearm is more fully described as a black/blue Model 17C Glock 9 mm, bearing serial number EDL252, with a machinegun-conversion device attached.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

11

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 29, 2022, in the State and Eastern District of Wisconsin,



knowingly distributed a mixture and substance containing ketamine, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

12

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 4, 2022, in the State and Eastern District of Wisconsin,



knowingly and intentionally possessed with intent to distribute a mixture and substance containing

ketamine, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 16, 2023, in the State and Eastern District of Wisconsin and elsewhere,

**LI XING, a.k.a. "MR. LI," and
KAIYU HUANG**

knowingly distributed a mixture and substance containing ketamine, a Schedule III controlled substance.

In violation of Title 18, United States Code, Section 2(a) and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

14

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 8, 2024, in the State and Eastern District of Wisconsin and elsewhere,

**LI XING, a.k.a. "MR. LI," and**
**KAIYU HUANG**

knowingly distributed a mixture and substance containing ketamine, a Schedule III controlled substance.

In violation of Title 18, United States Code, Section 2(a) and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

## FORFEITURE NOTICE

1.      Upon conviction of the controlled substance offenses alleged in Counts One to Three, Counts Six and Seven, and Counts Eleven to Fourteen of this Indictment, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses.   The properties subject to forfeiture include, but are not limited to, approximately $9,600 recovered from XX57 North 106th Street, Milwaukee, Wisconsin, 53225, on February 21, 2022.

2.      Upon conviction of any offense in violation of Title 18, United States Code, Sections 922(g), 922(o), or 924(c), as set forth in Counts Four, Five, Eight, Nine and Ten of this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the offenses of conviction. The properties subject to forfeiture include, but are not limited to:

      a.  a Glock 45 9mm, bearing serial number BNWA275, recovered from XX57 North 106th Street, Milwaukee, Wisconsin, 53225, on February 21, 2022;

      b.  a Glock 17M 9mm, bearing serial number BENS974, with a Glock switch, recovered from XX57 North 106th Street, Milwaukee, Wisconsin, 53225, on February 21, 2022;

      c.  a Bersa Thunder 380, bearing serial number G48024, recovered from XX57 North 106th Street, Milwaukee, Wisconsin, 53225, on February 21, 2022;

      d.  a Glock 17 9mm, bearing serial number AUC207, recovered from XX57 North 106th Street, Milwaukee, Wisconsin, 53225, on February 21, 2022; and

      e.  a blue/black Model 17C Glock 9mm, bearing serial number EDL252, with a Glock auto-sear switch and an empty extended magazine, recovered from XX05 South 3rd Street, Milwaukee, Wisconsin, 53207, on March 10, 2022.

16

3.    If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

FOREPERSON

Date: 1/22/2025

GREGORY J. HAANSTAD
United States Attorney

17

# EXHIBIT B

AO 442 (WIED 02/17) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Wisconsin

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| | ) |
| Kaiyu Huang, a/k/a Skinny Boy | ) |
| *Defendant* | ) |

Case No.  25-CR-08

## ARREST WARRANT

To:    Any authorized law enforcement officer

     **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    Kaiyu Huang, a/k/a Skinny Boy                                                    ,
who is accused of an offense or violation on the following document filed with the court:

☒ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint

☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Pretrial Release Violation Petition

☐ Violation Notice    ☐ Order of Court

This offense is briefly described as follows:  21:841(a)(1), (b)(1)(C), (b)(1)(E) & 846; 18:2(a) – Conspiracy to
possess with intent to distribute and distribute MDMA and Ketamine


Date:    _____January 23, 2025_____          _____s/ *Mary Murawski*_____
                                                                                                                *Issuing officer's signature*

                                                                                    GINA M. COLLETTI, Clerk, U.S. District Court
City and State:    Milwaukee, Wisconsin                        By:Mary Murawski, Deputy Clerk
                                                                                                                *Printed name and title*

| Return |
|---|

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date:    _____          _____
                                                                                    *Arresting officer's signature*

                                                                    _____
                                                                                    *Printed name and title*

AO 470 - EDNY (Rev. 03/01/2023)

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

United States of America )
v. )
Kaiyu Hnang ) Case No. 25 MJ40
_____ )
*Defendant* )

### ORDER SCHEDULING A DETENTION HEARING

Upon motion of the _defendant_____, a detention hearing under 18 U.S.C. § 3142(f) is scheduled as follows:

| | |
|---|---|
| Place: 225 Cadman Plaza East<br>Brooklyn, NY 11201 | Courtroom: 2A |
| | Date* and Time: 2/12/25  11Am |

**IT IS ORDERED:** Pending the hearing, the Defendant shall be detained in the custody of the United States Marshal or any other authorized officer and must be produced for the hearing at the time, date, and place set forth above.

Date: 2/7/25

_____
*Judge's signature*

Joseph Marutollo, U.S.M.J.
*Printed name and title*

*If not held immediately upon the Defendant's first appearance, the hearing may be continued for up to three business days upon motion of the Government, or up to five business days upon motion of the Defendant, except for good cause. 18 U.S.C. § 3142(f)(2).

18 U.S.C. § 3142(f)(1) sets forth the grounds for a hearing that may be asserted only by the Government based on the nature of the offense. 18 U.S.C. § 3142(f)(2) states that a hearing shall be held upon motion of the Government or of the judicial officer if there is a **serious risk** that the Defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              -v-

Kaiyu Huang,

Defendant(s).

---

25 MC 40
ORDER

Joseph Marutollo, United States Magistrate Judge:

    This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due

Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the

Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its

progeny, and to summarize the possible consequences of violating those obligations.

    The Government must disclose to the defense all information "favorable to an accused" that

is "material either to guilt or to punishment" and that is known to the Government.  *Id.* at 87.  This

obligation applies regardless of whether the defendant requests this information or whether the

information would itself constitute admissible evidence.  The Government shall disclose such

information to the defense promptly after its existence becomes known to the Government so that

the defense may make effective use of the information in the preparation of its case.

    As part of these obligations, the Government must disclose any information that can be used

to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United

States*, 405 U.S. 150 (1972), and its progeny.  Such information must be disclosed sufficiently in

advance of trial in order for the defendant to make effective use of it at trial or at such other time as

the Court may order.[1]

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

---

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq.*

2

SO ORDERED.

Dated: February 07, 2025
BROOKLYN, NY

S / Joseph Marutollo
United States Magistrate Judge

3

AO 470 - EDNY (Rev. 03/01/2023)

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| United States of America | ) | |
| v. | ) | Case No.  25-40M |
| Kaiyu Hvang | ) | |
| _Defendant_ | ) | |

### ORDER SCHEDULING A DETENTION HEARING

Upon motion of the ____dft____, a detention hearing under 18 U.S.C. § 3142(f) is scheduled as follows:

| Place: 225 Cadman Plaza East<br>Brooklyn, NY 11201 | Courtroom:  2A |
| | Date* and Time:  2/18/25 @ 2:00 |

**IT IS ORDERED:**  Pending the hearing, the Defendant shall be detained in the custody of the United States Marshal or any other authorized officer and must be produced for the hearing at the time, date, and place set forth above.

Date:  2/12/25

_____

Peggy Kuo  USMJ
_Printed name and title_

*If not held immediately upon the Defendant's first appearance, the hearing may be continued for up to three business days upon motion of the Government, or up to five business days upon motion of the Defendant, except for good cause.  18 U.S.C. § 3142(f)(2).

18 U.S.C. § 3142(f)(1) sets forth the grounds for a hearing that may be asserted only by the Government based on the nature of the offense.  18 U.S.C. § 3142(f)(2) states that a hearing shall be held upon motion of the Government or of the judicial officer if there is a **serious risk** that the Defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 25- 40 M |
| Kaiyu Huang | ) | |
| _____ | ) | Charging District's |
| *Defendant* | ) | Case No. _____ |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____Eastern_____ District of _____Wisconsin_____,

*(if applicable)* _____ division.  The defendant may need an interpreter for this language:

_____Mandarin_____ .

The defendant:    ☐ will retain an attorney.

☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: ___2/21/25___                    _____
                                                        *Judge's signature*

                                        Vera M Scanlon  USMJ
                                        _____
                                                        *Printed name and title*

AO 466A S (Rev. 07/16) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | Case No. 25-M-40 |
| v. | ) | |
| *Kaiyu Huang* | ) | Charging District's Case No. |
| Defendant | ) | 25-08 |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the (name of other court) *Eastern District Wisconsin*  .

I have been informed of the charges and of my rights to:

    (1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

    (2) an identity hearing to determine whether I am the person named in the charges;

    (3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

    (4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

    (5) a hearing on any motion by the government for detention;

    (6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

    ☐ an identity hearing and production of the warrant.

    ☐ a preliminary hearing.

    ☐ a detention hearing.

    ☑ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

    I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 2/21/25

Defendant's signature

Signature of defendant's attorney

Michael Weil
Printed name of defendant's attorney

This document has not been officially approved by the Administrative Office or the Judicial Conference of the United States.